jhf 06-19-06

STATE OF RHODE ISLAND SUPERIOR COURT
KENT, SC

SHIRLEY B. GOLD-DWARES )
VS. ) CA NO.: KC06-664
INTERNATIONAL RAM ASSOCIATES, LLC., )
Alias ABC Corporation, )
AMERICAN AIRLINES, INC., )
Alias EFG Corporation, )
CONTINENTAL AIRLINES, INC., )
Alias HIJ Corporation, )
UNITED AIR LINES, INC. )
Alias KLM Corporation, )
CAPE AIR, INC., Alias NOP Corporation, )
US AIRWAYS, INC., Alias QRS Corporation, )
AMERICA WEST AIRLINES, INC., )
Alias TUV Corporation, )
NEW ENGLAND AIRLINES, INC., )
Alias WXY Corporation, )
NORTHWEST AIRLINES, INC., )
Alias 123 Corporation, )
SOUTHWEST AIRLINES, CO., )
Alias 456 Corporation, )
AIR CANADA, Alias 789 Corporation )

# COMPLAINT

## Count I

Now comes the Plaintiff in the above entitled cause and alleges and says:

1. That the Plaintiff, Shirley B. Gold-Dwares is a resident of the City of Warwick, County of Kent, State of Rhode Island.

2. That the Defendant International Ram Associates, LLC., Alias ABC Corporation (hereinafter referred to as Defendant "International"), upon information and belief is a Texas corporation with its principle place of business in Austin, Texas, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

3. That the Defendant American Airlines, Inc, Alias EFG Corporation (hereinafter referred to as Defendant "American"), upon information and belief is a Delaware corporation with its principle place of business in Fort Worth, Texas, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

4. That the Defendant Continental Airlines, Inc., Alias HIJ Corporation (hereinafter referred to as Defendant "Continental"), upon information and belief is a Delaware corporation with its principle place of business in Houston, Texas, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

5. That the Defendant United Air Lines, Inc., Alias KLM Corporation (hereinafter referred to as Defendant "United"), upon information and belief is a Delaware corporation with its principle place of business in Elk Grove TWP, Illinois is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

6. That the Defendant Cape Air, Inc., Alias NOP Corporation (hereinafter referred to as Defendant "Cape Air"), upon information and belief is a Massachusetts corporation with its principle place of business in Wellesley Hill, Massachusetts, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

7. That the Defendant US Airways, Inc., Alias QRS Corporation (hereinafter referred to as Defendant "US Airways"), upon information and belief is a Delaware corporation with its principle place of business in Phoenix, Arizona is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

8. That the Defendant America West Airlines, Inc., Alias TUV Corporation (hereinafter referred to as Defendant "America West"), upon information and belief is a Delaware corporation with its principle place of business in Arizona, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

9. That the Defendant New England Airlines, Inc., Alias WXY Corporation (hereinafter referred to as Defendant "New England"), upon information and belief is a Rhode Island corporation, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

10. That the Defendant Northwest Airlines, Inc., Alias 123 Corporation (hereinafter referred to as Defendant "Northwest"), upon information and belief is a Minnesota corporation with its principle place of business in Egan, Minnesota, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

11. That the Defendant Southwest Airlines, Co., Alias 456 Corporation (hereinafter referred to as Defendant "Southwest"), upon information and belief is a Texas corporation with its principle place of business in Dallas, Texas, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

12. That the Defendant Air Canada, Alias 789 Corporation (hereinafter referred to as Defendant "Air Canada"), upon information and belief is a Canadian corporation with its principle place of business in Montreal, Quebec, Canada, is authorized to do business within the State of Rhode Island and is in fact doing business in the State of Rhode Island.

13. That on or about May 14, 2005 Defendant International, Alias was doing business at the premises of the Theodore Francis Green Airport, located at 2000 Airport Road in the City of Warwick, County of Kent, State of Rhode Island.

14. That on or about May 14, 2005 the Plaintiff Shirley B. Gold-Dwares was an invitee on the premises of the Theodore Francis Green Airport, located at 2000 Airport Road, in the City of Warwick, County of Kent, State of Rhode Island.

15. That on or about May 14, 2005, while seated in a wheelchair in a careful and prudent manner, in an area designated by the Defendants for the passage of Plaintiff Shirley B. Gold-Dwares and other invitees, Plaintiff, Shirley B. Gold-Dwares was severely burned while being transported in a wheelchair pushed by an employee of Defendant International to the baggage area for Southwest Airlines, the airline on which she had been a passenger.

16. That Defendant International, Alias through their agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

17. That Defendant International, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in his position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for its intended use.

18. That Defendant International, Alias negligently breached said duties and as a result of said negligence, Plaintiff Shirley B. Gold-Dwares was severely burned as aforesaid.

19. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

20. That Defendant International, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant International, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and Plaintiff Shirley B. Gold-Dwares has suffered other great damage.

22. That the amount claimed is sufficient to establish jurisdiction in the Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendant, International RAM Associates, LLC, Alias ABC Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

**COUNT II**

1.-15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant International, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant International, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant International RAM Associates, LLC, Alias ABC Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

COUNT III

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant American, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant American, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant American, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant American, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant American, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant American Airlines, Inc., Alias EFG Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

[signature]

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT IV

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant American, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant American, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant American Airlines, Inc., Alias EFG Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT V

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant Continental, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant Continental, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant Continental, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant Continental, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Continental, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant Continental Airlines, Inc., Alias HIJ Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT VI

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant Continental, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Continental, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant Continental Airlines, Inc., Alias HIJ Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT VII

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant United, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant United, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant United, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant United, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant United, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant United Air Lines, Inc., Alias KLM Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT VIII

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant United, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant United, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant United Air Lines, Inc., Alias KLM Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT IX

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant Cape Air, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant Cape Air, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant Cape Air, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant Cape Air, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Cape Air, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant Cape Air, Inc. Alias NOP Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT X

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant Cape Air, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Cape Air, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant Cape Air, Inc., Alias NOP Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

[signature]

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT XI

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant US Airways, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant US Airways, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant US Airways, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant US Airways, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant US Airways, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant US Airways, Inc., Alias QRS Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT XII

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant US Airways, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant US Airways, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE**, Plaintiff demands judgment against Defendant US Airways, Inc., Alias QRS Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT XIII

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant America West, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant America West, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant America West, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant America West, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant America West, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant America West, Inc., Alias TUV Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

COUNT XIV

1.-15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant America West, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant America West, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant America West Airlines, Inc., Alias TUV Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

COUNT XV

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant New England, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant New England, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant New England, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant New England, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant New England, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant New England Airlines, Inc. Alias WXY Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

**COUNT XVI**

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant New England, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant New England, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant New England, Alias WXY Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT XVII

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant Northwest, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant Northwest, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant Northwest, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant Northwest, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Northwest, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant Northwest Airlines, Inc., Alias 123 Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

COUNT XVIII

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant Northwest, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Northwest, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant Northwest Airlines, Inc., Alias 123 Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT XIX

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant Southwest, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant Southwest, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant Southwest, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant Southwest, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Southwest, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant Southwest Airlines, Co., Alias 456 Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

COUNT XX

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant Southwest, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Southwest, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant Southwest Airlines, Co., Alias 456 Corporation plus interest and costs.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

COUNT XXI

1-18. Plaintiff hereby re-alleges Paragraphs one through eighteen of Count I and incorporates the same herein by reference.

19. That Defendant Air Canada, Alias, through its agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

20. That Defendant Air Canada, Alias was under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from hazards, defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for their intended use.

21. That Defendant Air Canada, Alias negligently breached said duties and as a result of said negligence, Shirley B. Gold-Dwares was severely burned as aforesaid.

22. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

23. That Defendant Air Canada, Alias is liable for the damage caused by the negligence of its agents, servants and/or employees.

24. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Air Canada, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against Defendant Air Canada, Alias 789 Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

COUNT XXII

1.- 15. Plaintiff hereby re-alleges Paragraphs one through fifteen of Count I and incorporates the same herein by reference.

16. That at all times mentioned herein, said wheelchair was in the exclusive control of the Defendant Air Canada, Alias through its agents, servants and/or employees.

17. That the Plaintiff is without knowledge of the precise acts of negligence of said Defendant which caused Plaintiff Shirley B. Gold-Dwares' said injuries, and said acts are known by said Defendant.

18. That the type of incident described herein and Plaintiff Shirley B. Gold-Dwares' said injuries would not ordinarily occur in the absence of negligence on the part of said Defendant.

19. That Plaintiff Shirley B. Gold-Dwares' injuries were in no way contributed to by voluntary acts of the Plaintiff or by anyone other than said Defendant.

20. That the Defendant is liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of the aforesaid negligence on the part of Defendant Air Canada, Alias, Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind and has expended great sums of money for the medical care and treatment of said injuries and has suffered other great damage.

**WHEREFORE,** Plaintiff demands judgment against Defendant Air Canada, Alias 789 Corporation plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

## COUNT XXIII

1-15. That Plaintiff re-alleges paragraphs one through fifteen of Count I and incorporate the same herein by reference.

16. That all Defendants through their agents, servants and/or employees, knew or should have known that the said wheelchair of said premises would be used by Plaintiff Shirley B. Gold-Dwares and others in her position.

17. That all Defendants were under a duty to the Plaintiff Shirley B. Gold-Dwares and/or others in her position, to keep said wheelchair free from defects, properly repaired and maintained and otherwise fit, safe, and properly maintained for its intended use.

18. That all Defendants through their agents, servants and/or employees negligently breached said duties and as a result of said negligence, Plaintiff Shirley B. Gold-Dwares was severely burned.

19. That at all times mentioned herein, Plaintiff Shirley B. Gold-Dwares was in the exercise of due care.

20. That all Defendants are liable for the damage caused by the negligence of its agents, servants and/or employees.

21. That as a direct and proximate result of all Defendants' negligence Plaintiff Shirley B. Gold-Dwares has suffered severe and grievous injuries and has suffered great pain of body and mind, and Plaintiff Shirley B. Gold-Dwares has expended great sums of money for the medical care and treatment of said injuries, and has suffered other great damage.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, plus interest and costs.

Shirley B. Gold-Dwares,
By Her Attorneys,

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax

Plaintiff demands a trial by jury on all counts.

Shirley B. Gold-Dwares,

By Her Attorneys,

Stephen M. Rappoport

Stephen M. Rappoport, Esq. #1250
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 - fax