UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHIRLEY B. GOLD-DWARES,

Plaintiff,

v.

INTERNATIONAL RAM ASSOCIATES, LLC., Alias ABC Corporation, AMERICAN AIRLINES, INC., Alias EFG Corporation, CONTINENTAL AIRLINES, INC., Alias HIJ Corporation, UNITED AIR LINES, INC., Alias KLM Corporation, CAPE AIR, INC., Alias NOP Corporation, US AIRWAYS, INC., Alias QRS Corporation, AMERICA WEST AIRLINES, INC., Alias TUV Corporation, NEW ENGLAND AIRLINES, INC., Alias WXY Corporation, NORTHWEST AIRLINES, INC., Alias 123 Corporation, SOUTHWEST AIRLINES, CO., Alias 456 Corporation, AIR CANADA, Alias 789 Corporation,

Defendants.

C.A. No. 06-379T

**ANSWER OF US AIRWAYS, INC.**

Defendant US Airways, Inc. ("US Airways") hereby responds as follows to the allegations contained in the Complaint of Shirley Gold-Dwares ("Plaintiff").

**First Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

US Airways hereby responds as follows to the correspondingly numbered allegations contained in Plaintiff's Complaint:

## COUNT I

1. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Paragraph 7 recites conclusions of law to which no responsive pleading is required.

8. Paragraph 8 recites conclusions of law to which no responsive pleading is required.

9. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. The allegations and facts contained in Paragraph 13 are not directed at US Airways. As such, a response is not required.

14. US Airways lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. US Airways denies the allegations directed at it which are contained in Paragraph 15. The remaining allegations contained in Paragraph 15 are not directed at US Airways. As such, a response is not required.

16. The allegations contained in Paragraph 16 are not directed at US Airways. As such, a response is not required.

17. The allegations contained in Paragraph 17 are not directed at US Airways. As such, a response is not required.

18. The allegations contained in Paragraph 18 are not directed at US Airways. As such, a response is not required.

19. US Airways denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 are not directed at US Airways. As such, a response is not required.

21. The allegations contained in Paragraph 21 are not directed at US Airways. As such, a response is not required.

22. Paragraph 22 recites conclusions of law to which no responsive pleading is required.

**COUNT II**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at US Airways. As such, response is not required.

**COUNT III**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT IV**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at US Airways. As such, response is not required.

**COUNT V**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT VI**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at US Airways. As such, response is not required.

**COUNT VII**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT VIII**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at US Airways. As such, response is not required.

**COUNT IX**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT X**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT XI**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19. US Airways denies the allegations contained in Paragraph 19.

20. US Airways denies the allegations contained in Paragraph 20.

21. US Airways denies the allegations contained in Paragraph 21.

22. US Airways denies the allegations contained in Paragraph 22.

23. US Airways denies the allegations contained in Paragraph 23.

24. US Airways denies the allegations contained in Paragraph 24.

**COUNT XII**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16. US Airways denies the allegations contained in Paragraph 16.

17. US Airways denies the allegations contained in Paragraph 17.

18. US Airways denies the allegations contained in Paragraph 18.

19. US Airways denies the allegations contained in Paragraph 19.

20. US Airways denies the allegations contained in Paragraph 20.

21. US Airways denies the allegations contained in Paragraph 21.

**COUNT XIII**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT XIV**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.- 21. The allegations contained in Paragraphs 16 through 21 are not directed at US Airways. As such, response is not required.

**COUNT XV**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT XVI**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at US Airways. As such, response is not required.

**COUNT XVII**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT XVIII**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at US Airways. As such, response is not required.

**COUNT XIX**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT XX**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT XXI**

1.-18. US Airways restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at US Airways. As such, response is not required.

**COUNT XXII**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at US Airways. As such, response is not required.

**COUNT XXIII**

1.-15. US Airways restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16. To the extent the allegations contained in Paragraph 16 are directed at US Airways, US Airways denies those allegations. The remaining allegations contained in Paragraph 16 are not directed at US Airways. As such, response is not required.

17. To the extent the allegations contained in Paragraph 17 are directed at US Airways, US Airways denies those allegations. The remaining allegations contained in Paragraph 17 are not directed at US Airways. As such, response is not required.

18. To the extent the allegations contained in Paragraph 18 are directed at US Airways, US Airways denies those allegations. The remaining allegations contained in Paragraph 18 are not directed at US Airways. As such, response is not required.

19. US Airways denies the allegations contained in Paragraph 19.

20. To the extent the allegations contained in Paragraph 20 are directed at US Airways, US Airways denies those allegations. The remaining allegations contained in Paragraph 20 are not directed at US Airways. As such, response is not required.

21. To the extent the allegations contained in Paragraph 21 are directed at US Airways, US Airways denies those allegations. The remaining allegations contained in Paragraph 21 are not directed at US Airways. As such, response is not required.

**First Affirmative Defense**

Plaintiff's claims against US Airways must fail because Plaintiff's damages were not proximately or actually caused by any acts or omissions of US Airways.

**Second Affirmative Defense**

Plaintiff's claims against US Airways must fail because third parties and/or conditions outside the control of US Airways caused Plaintiff's damages.

**Third Affirmative Defense**

Plaintiff's claims against US Airways fail because of Plaintiff's assumption of the risk and/or comparative negligence.

**Fourth Affirmative Defense**

Plaintiff's claims against US Airways must fail in whole or in part due to Plaintiff's failure to mitigate her damages.

**Fifth Affirmative Defense**

Plaintiff's claims against US Airways are barred by the doctrines of waiver and/or estoppel.

US AIRWAYS, INC.

By its Attorneys,

/s/ Armando E. Batastini
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
abatastini@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 31st day of August, 2006 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Stephen M. Rappoport, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
rdclaw@cox.net

Timothy J. Duggan, Esq.
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
tjd@dcclawyers.com

Gordon P. Cleary, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
gcleary@vetterandwhite.com

Howard A. Merten, Esq.
Lisa M. Martinelli, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
hm@psh.com
lmm@psh.com

Patrick B. Landers, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
patrick.landers@wilsonelser.com

/s/ Armando E. Batastini
Armando E. Batastini