UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY B. GOLD-DWARES,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL RAM ASSOCIATES, LLC., Alias ABC Corporation, AMERICAN AIRLINES, INC., Alias EFG Corporation, CONTINENTAL AIRLINES, INC., Alias HIJ Corporation, UNITED AIR LINES, INC., Alias KLM Corporation, CAPE AIR, INC., Alias NOP Corporation, US AIRWAYS, INC., Alias QRS Corporation, AMERICA WEST AIRLINES, INC., Alias TUV Corporation, NEW ENGLAND AIRLINES, INC., Alias WXY Corporation, NORTHWEST AIRLINES, INC., Alias 123 Corporation, SOUTHWEST AIRLINES, CO., Alias 456 Corporation, AIR CANADA, Alias 789 Corporation,<br><br>Defendants. | ) | C.A. No. 06-379T |

**MOTION TO DROP DEFENDANT NEW ENGLAND**
**<u>AIRLINES, INC. AS A MISJOINED PARTY UNDER RULE 21</u>**

Defendant US Airways, Inc. ("US Airways"), with the assent of Co-Defendant New England Airlines, Inc. ("New England"), hereby moves this Court for an Order finding that New England is a misjoined and/or fraudulently joined party who should be dropped from this action pursuant to Rule 21. US Airways submits the accompanying memorandum of law and affidavit of William Bendokas in support of its motion.

US AIRWAYS, INC.

By its Attorneys,

/s/ Armando E. Batastini

Armando E. Batastini (#6016)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
abatastini@eapdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 5th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Stephen M. Rappoport, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
rdclaw@cox.net

Timothy J. Duggan, Esq.
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
tjd@dcclawyers.com

Gordon P. Cleary, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
gcleary@vetterandwhite.com

Howard A. Merten, Esq.
Lisa M. Martinelli, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
hm@psh.com
lmm@psh.com

Patrick B. Landers, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
patrick.landers@wilsonelser.com

/s/ Armando E. Batastini
Armando E. Batastini



PRV_831190_1/CFTURCOTTE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY B. GOLD-DWARES,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL RAM ASSOCIATES, LLC., Alias ABC Corporation, AMERICAN AIRLINES, INC., Alias EFG Corporation, CONTINENTAL AIRLINES, INC., Alias HIJ Corporation, UNITED AIR LINES, INC., Alias KLM Corporation, CAPE AIR, INC., Alias NOP Corporation, US AIRWAYS, INC., Alias QRS Corporation, AMERICA WEST AIRLINES, INC., Alias TUV Corporation, NEW ENGLAND AIRLINES, INC., Alias WXY Corporation, NORTHWEST AIRLINES, INC., Alias 123 Corporation, SOUTHWEST AIRLINES, CO., Alias 456 Corporation, AIR CANADA, Alias 789 Corporation,<br><br>Defendants. | ) | C.A. No. 06-379T |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DROP DEFENDANT NEW ENGLAND AIRLINES, INC. AS A MISJOINED PARTY UNDER RULE 21**

Non-diverse Defendant New England Airlines, Inc. ("New England") is not a proper party to this action – Plaintiff Shirley Gold-Dwares ("Plaintiff") was not a New England passenger, and New England does not use and is not a tenant of the Main Terminal at Theodore Francis Green Airport ("T.F. Green"). New England is an airline based in Westerly, Rhode Island that operates primarily out of the Westerly State Airport, and whose sole scheduled destination is Block Island, Rhode Island. New England is not a party to any lease regarding the Main Terminal at T.F. Green; rather, on the limited

occasions that New England flies charter flights out of T.F. Green, it does so using the Northstar facility that is unconnected to the Main Terminal and is on the other side of the runway from the Main Terminal building.

As a result, it is manifestly evident that Plaintiff named New England solely as a means to defeat diversity jurisdiction. Accordingly, Plaintiff has improperly and fraudulently joined New England, and this Court should consequently dismiss New England pursuant to Rule 21. Co-Defendant US Airways, Inc. ("US Airways"), whose right to have this matter heard in federal court is impeded as a result of the fraudulent joinder of New England, hereby submits this memorandum of law in support of the motion to drop New England as a misjoined party. New England assents to this motion.

**Background**

On July 20, 2006, Plaintiff filed her Complaint in this matter in the Kent County Superior Court. Plaintiff alleges that she was injured while being pushed in a wheelchair towards the baggage claim area in the Main Terminal at T.F. Green after exiting a Southwest Airlines flight. (Complaint at ¶ 15).

New England has no connection with Plaintiff or the Main Terminal at T.F. Green. New England is an airline based in Westerly, Rhode Island, whose sole scheduled destination is Block Island, Rhode Island. (Affidavit of William Bendokas, President of New England Airlines, Inc. ("Bendokas Aff."), at ¶ 2 (attached hereto as Exhibit A)). New England operates primarily out of the Westerly State Airport, and is not a party to any lease regarding the Main Terminal at T.F. Green. (Id. at ¶¶ 3-4). On the limited occasions that New England flies charter flights out of T.F. Green, it does so using the Northstar facility. (Id. at ¶ 5). The Northstar facility is unconnected to the Main Terminal and is on

the other side of the runway from the Main Terminal building. (Id. at ¶ 6). Plaintiff was not a passenger of or otherwise had any relationship with New England. (Id. at ¶ 7).

Plaintiff is a citizen of the State of Rhode Island. (Complaint at ¶ 1). None of the Defendants are residents of Rhode Island except New England. If New England's citizenship were disregarded, there would be complete diversity of citizenship between Plaintiff and all Defendants. As set forth in more detail below, New England's citizenship should be disregarded because Plaintiff is unable to form a colorable claim against New England as a matter of law. US Airways therefore timely removed this matter, pursuant to 28 U.S.C. § 1446(a), on August 25, 2006. US Airways understands that all of the other Defendants who have been served in this matter have consented to removal.

Accordingly, the inclusion of New England as a Defendant constitutes an improper or fraudulent joinder. Under Rule 21 of the Federal Rules of Civil Procedure, this Court should consequently dismiss New England from this action. New England assents to this motion.

## Argument

### I. New England is a Misjoined Party and Should be Dismissed From This Action

As recently reaffirmed by the United States District Court for the District of Rhode Island, "'[a] party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship.'" Lawrence Builders, Inc. v. Kolodner, 414 F.Supp.2d 134, 137 (D.R.I. 2006) (quoting Polyplastics Inc. v. Transconex, Inc., 713 F.2d 875, 877 ((1st Cir. 1983)). In this case, Plaintiff's calculated destruction of complete diversity is a textbook example of improper or fraudulent joinder, a doctrine created by the federal courts to prevent the misjoinder of straw defendants in order to secure an otherwise-unavailable

procedural result (e.g., lack of complete diversity). Federal courts regularly enforce this doctrine to prevent plaintiffs from joining straw defendants to defeat diversity and to prevent removal of a state-court action to federal court.

As set forth by the United States Supreme Court in Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921):

> [The] right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal.

Id. at 97 (citations omitted).

The remedy for misjoined parties is a motion under Rule 21 of the Federal Rules of Civil Procedure to drop misjoined parties. See generally Kolodner, 414 F.Supp.2d at 138. While "[m]isjoinder of parties is not ground for dismissal of an action," under Rule 21 "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative, after hearing, at any stage of the action and on such terms as are just." Fed R. Civ. P. 21 (emphasis added); see, e.g., Trumps v. Harley of New York Assocs., No. 94 Civ. 7080 (CSH), 1995 WL 56983, at *3 (S.D.N.Y. Nov. 8, 1995) (applying Rule 21 to drop parties improperly joined to destroy diversity); Alexander v. Electronic Data Systems Corp., 870 F.Supp. 749, 752 (E.D. Mich. 1994) (applying Rule 21, court dismisses misjoined defendants); see also Great Amer. Ins. Co. v. Louis Lesser Enters., Inc., 353 F.2d 997, 1001 (8th Cir. 1965) (Rule 21 dismissal of "alter ego" parties added "solely for the purpose of obtaining valid service" on true defendants).[1] Because "any party" may

---

[1] See also Turpeau v. Fidelity Financial Services, Inc., 936 F. Supp. 975, 976 (N.D. Ga. 1996) ("Misjoinder will have the same effect as fraudulent joinder."); Mallard

present a motion pursuant to Rule 21, US Airways has standing to pursue the instant motion.

The doctrine of fraudulent joinder applies in two situations: "(1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." Kolodner, 414 F.Supp.2d at 137. Furthermore, "[b]ecause fraudulent joinder describes any improper joinder, a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden." Id. Defendants are entitled to relief upon a showing that "the plaintiff does not intend to secure a judgment against the defendant." See, e.g., Poultry & Beef of Puerto Rico, Inc. v. Smithfield Packing Co., 635 F. Supp. 1070, 1071 (D.P.R. 1986).[2] Alternatively, a defendant may show "that no cause of action has been alleged by the plaintiff and the plaintiff's failure is

v. Prudential Ins. Co. of America, No. Civ. A. 95-A-908-N, 1996 WL 170126, at 2-3 (M.D. Ala. March 29, 1996) (fraudulent joinder is a form of misjoinder and granting relief to misjoined defendants). Cf. Anrig v. Ringsby United, 603 F.2d 1319, 1325 (9th Cir. 1978) (parties may be dropped under Rule 21 to cure venue problems).

2 See also Brady v. Indemnity Ins. Co., 68 F.2d 302, 303 (6th Cir. 1933) ("In fraudulent joinder…there is no purpose to prosecute the action against the resident defendant in good faith."); Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 187 (E.D. Mo. 1995) (fraudulent joinder exists when "plaintiff has no real intention of prosecuting the action against the resident defendant"); Alexander v. Electronic Data Systems Corp., 870 F.Supp. 749, 752 (E.D. Mich. 1994) ("Joinder of parties is fraudulent if there is no intent to obtain a joint judgment."); Schwenn v. Sears Roebuck & Co., 822 F.Supp. 1453, 1455 (D. Minn. 1993) ("Joinder is fraudulent…where the plaintiff has no real intention of prosecuting the action against the resident defendant."); Marquette Nat'l Bank of Minneapolis v. First Nat'l Bank of Omaha, 422 F.Supp. 1346, 1350 (D. Minn. 1976) ("Whether the joinder is fraudulent or not depends on whether the Plaintiff really intended to obtain a judgment against the defendant whose joinder is alleged to be fraudulent."); Wright, Miller & Cooper, Federal Practice and Procedure, § 3723 at 347-51 (2d ed. 1998)("A party will be considered fraudulently joined when plaintiff…does not intend to secure a judgment against that defendant.").

obvious under settled state law." Gasnik v. State Farm Ins. Co., 825 F. Supp. 245, 247 (E.D. Cal. 1992); see also Coughlin v. Nationwide Mut. Ins. Co., 776 F. Supp. 626, 628 (D. Mass. 1991) ("fraudulent joinder exists when the complaint in effect at the time of removal states no claim against the non-diverse defendant").[3]

Even if a plaintiff truly intended to seek a judgment against a potentially misjoined defendant, courts still ask whether the plaintiff could achieve complete relief without the straw defendant. See, e.g., Alexander v. Electronic Data Systems Corp., 870 F.Supp. 749, 752 (E.D. Mich. 1994) ("It is clear that the [straw parties] need not be joined for plaintiff to obtain a complete remedy."); Scientific Computers, Inc. v. Edudata Corp., 596 F.Supp. 1290, 1292 (D. Minn. 1984).[4]

It is clear from the Complaint and the attendant circumstances that Plaintiff is unable to establish any factual predicate for filing suit against New England. As a result, there is no possibility that Plaintiff would be able to establish a cause of action against New England – New England simply has no connection with Plaintiff or the premises on which Plaintiff's alleged injuries occurred. (See Bendokas Aff. at ¶¶ 2-7). Nor are there

---

[3] On a motion for fraudulent joinder, the court may "pierce the pleadings" and consider affidavits and other evidence. See, e.g., Federal Beef Processors, Inc. v. CBS Inc., 851 F.Supp. 1430, 1436 (D.S.Dak. 1994) (citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983) (per curiam)).

[4] The existence of theoretical claims against a straw defendant does not immunize a plaintiff from a finding of fraudulent joinder, where the defendant clearly was added solely to obtain an otherwise unavailable procedural outcome. See, e.g., Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185-86 (1907) ("While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal Court where one has that right….").

any allegations in the Complaint specific to New England that suggest any possibility of incomplete relief without its presence in the action.

## Conclusion

It is evident Plaintiff added New England for the sole purpose of defeating diversity. This Court should therefore find that New England is a misjoined and/or fraudulently joined party who should be dropped from this action.

US AIRWAYS, INC.

By its Attorneys,

/s/ Armando E. Batastini

Armando E. Batastini (#6016)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
abatastini@eapdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 5th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Stephen M. Rappoport, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
rdclaw@cox.net

Timothy J. Duggan, Esq.
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
tjd@dcclawyers.com

Gordon P. Cleary, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
gcleary@vetterandwhite.com

Howard A. Merten, Esq.
Lisa M. Martinelli, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
hm@psh.com
lmm@psh.com

Patrick B. Landers, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
patrick.landers@wilsonelser.com

/s/ Armando E. Batastini
Armando E. Batastini