**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SHIRLEY B. GOLD-DWARES, )
)
Plaintiff, )
)
v. ) C.A. No. 06-379T
)
INTERNATIONAL RAM ASSOCIATES, LLC., )
Alias ABC Corporation, )
AMERICAN AIRLINES, INC., )
Alias EFG Corporation, )
CONTINENTAL AIRLINES, INC., )
Alias HIJ Corporation, )
UNITED AIR LINES, INC. )
Alias KLM Corporation, )
CAPE AIR, INC., Alias NOP Corporation, )
US AIRWAYS, INC., Alias QRS Corporation, )
AMERICA WEST AIRLINES, INC., )
Alias TUV Corporation, )
NEW ENGLAND AIRLINES, INC., )
Alias WXY Corporation, )
NORTHWEST AIRLINES, INC., )
Alias 123 Corporation, )
SOUTHWEST AIRLINES, CO., )
Alias 456 Corporation, )
AIR CANADA, Alias 789 Corporation )
)
Defendants. )

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO MOTION TO DROP NEW ENGLAND AIRLINES, INC., AS A MISJOINED PARTY UNDER RULE 21.**

## I. FACTS

On May 14, 2005, the Plaintiff Shirley B. Gold-Dwares was at the Theodore Francis Green Airport (hereinafter "TF Green") in Warwick, Rhode Island. The Plaintiff was severely burned when, as a passenger in a wheelchair, she was pushed by an employee of the Defendant

International Ram Associates, LLC., to the baggage area for Southwest Airlines.

The Plaintiff brought the instant action against the above named defendants on July 20, 2006. Many of the Defendants were added to this action based on a letter from Defendant International Ram Associates LC which indicated that all of the airlines that use TF Green own the wheel chair upon which the Plaintiff was injured, including New England Airlines, Inc.. (See Plaintiff's Exhibit A).

Presently before the Court is the Defendant New England Airlines, Inc's motion to be dropped as a defendant under Rule 21 and the so called fraudulent-joinder doctrine. Plaintiff request that this motion be denied as she has valid, sustainable claims against this Defendant.

## II. APPLICABLE LAW ON MISJOINDER OF PARTIES UNDER RULE 21.

"Fraudulent joinder is a judicially-created doctrine which applies to two situations: (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." Gabrielle v. Allegro Resorts Hotels, 210 F.Supp.2d 62, 66 (D.R.I.2002).

### A. Plaintiff has valid claims against the Defendant New England Airlines, Inc.,

Defendant US Airways, Inc., on behalf of New England Airlines, alleges that New England Airlines was added as a defendant in this action by the Plaintiff solely to defeat this Court's diversity jurisdiction. This allegation is patently untrue and offensive.

In a letter to Plaintiff's counsel dated October 28, 2005, First Mercury Insurance Company, on behalf of its insured International Ram Assoc., LC states: "Through this investigation it has come to our attention that the wheel chair # 60 used to push Ms. Dwares is

not owned by our insured but owned by all of the airlines that use Theodore Francis Green Airport including: Air Canada, American Airlines, Cape Air, Continental Airlines, Northwest Airlines, Southwest Airlines, United Airlines, America West/US Airways Corp. Hdqts, and New England Airlines." (See Plaintiff's Exhibit B). The Plaintiff named New England Airlines as a defendant in this action because Defendant International Ram Associates, LC, via its insurer pointed the finger at New England Airlines, Inc. as a party liable to the Plaintiff, not because Plaintiff independently sought to defeat diversity jurisdiction from this court by adding this as the sole Rhode Island domiciled defendant.

Incidentally, and despite Defendant New England Airlines protestations to the contrary, the Webcite for New England Airlines states: "Flying to Block Island from L.A., Washington, or Timbuktu, New England Airlines will arrange a private charter to meet your arriving airline flight and whisk you to Block Island from any one of the nearby major airports such as Providence, Hartford, Boston, or New York." (See Plaintiff's exhibit C). As this Court is aware, TF Green, although located in Warwick, Rhode Island is frequently referred to as Providence's Airport and there is no actual airport in Providence, Rhode Island.

New England Airlines clearly does business out of TF Green. The fact that it claims in its affidavit that it does business out of a terminal different than that in which the Plaintiff was injured, does not address whether it, in fact, is deemed the part owner of the wheel chair, as alleged by the Defendant International Ram Associates, LC. The affidavit also fails to address the inherent transportation needs that New England Airlines, Inc., may have for moving passengers in need of wheel chairs from the main terminal to the terminal out of which it operates its flights at TF Green.

Based on the above information, the Plaintiff has asserted valid claims against the Defendant New England Airlines, Inc. The affidavit submitted by the Defendant New England Airlines in support of the motion to dismiss it from this action does nothing to contradict the Plaintiff's claims. There is simply no fraud in the Plaintiff's pleadings with relation to New England Airlines, Inc.

The Plaintiff, therefore, request that this Honorable Court deny the motion to drop the defendant New England Airlines, Inc., as a defendant from this action.

## III. CONCLUSION

For the aforementioned reasons, the Plaintiff request that this Honorable Court deny the Defendant's motion to drop New England Airline, Inc., as a defendant in this action.

Respectfully submitted,
Plaintiff Shirley B. Gold-Dwares,
By her attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

__/S/__Sonja L. Deyoe_________
Stephen M. Rappoport, Esq., # 1250
Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)
Email: rdclaw@cox.net
sldeyoe@fullchannel.net

**CERTIFICATION**

I, the undersigned, hereby certify that this document has been electronically filed on this 11 day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Armando E. Batastini
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
abastastini@eapdlaw.com

Timothy J. Duggan, Esq.,
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
tjd@dcclawyers.com

Gordon P. Cleary, Esq.,
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
gcleary@vetterandwhite.com

Howard A. Merten, Esq.,
Lisa M. Martinelli, Esq.,
Partridge, Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903
hm@psh.com
lmm@psh.com

Patrick B. Landers, Esq.,
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
patrick.landers@wilsonelser.com

/s/ Sonja L. Deyoe

**PLAINTIFF'S EXHIBIT A.**

First Mercury Insurance Company

October 28, 2005

Mr. Stephen Rappoport
Rappoport, DeGiovanni & Caslowitz, Inc. 989 Watenl1all Ave.
East Providence, Rhode Island 02914-1314

| | | |
|---|---|---|
| Re: | Our Insured: | International Ram Assoc. |
| | My file: | LC8446 |
| | Claimant: | Shirley Gold Dwares |
| | Date of Loss: | 5-14-2005 |
| | Our policy: | FMMI005015 |

Dear Mr. Rappoport:

We have conducted an investigation into the above captioned matter which involved the above claimant who alleges she was burned on her left buttocks while being pushed in a faulty wheel chair at the Theodore Francis Green Airport in Rhode Island. .

Through this investigation it has come to our attention that the wheel chair #60 used to push Ms. Dwares is not owned by our insured but owned by all the airlines that use Theodore Francis Green Airport including: Air Canada, American Airlines, Cape Air, Continental Airlines, Northwest Airlines, Southwest Airlines, United Airlines, America West/Us Airways Corp. Hdqts. and New England Airlines.

Therefore we cannot find any negligence on the behalfofour insured International Ram Associates. We will not be able to honor your clients claim we regret we could not inform you more favorably.

Very truly yours,

First Mercury Insurance Company

Nelia Winkler Claim Adjuster

29621 Northwestern Hwy. . P.O. Box 5096 . Southfield, MI 48086 . 248-358-4010 . Fax: 248-358-2459

**PLAINTIFF'S EXHIBIT B.**



# New England Airlines

## *Block Island's Resident Airline*

Serving Block Island Since 1970

---

- Scheduled flights – Block Island
- Charter flights – for business or pleasure
- Information & Reservations

Daily schedule of flights to Block Island begins at 7:30am (year 'round) from Westerly , RI. New England Airlines has been providing daily scheduled air service to Block Island as a certificated Commuter Airline since 1970 !

Westerly , located just off Interstate 95 is an easy drive, or train ride from anywhere in New England. (AMTRAK serves Westerly with daily trains between Washington/New York and Boston)

The flight from Westerly takes you "away from it all" in 12 short minutes. Quiet countryside, un-crowded beaches, night life, quiet life, gourmet meals, fresh seafood (of course! ) and even pizza -- Block Island has it all.

# Charter flights - for business or

# pleasure

Flying to Block Island from L.A., Washington, or Timbuktu, New England Airlines will arrange a private charter to meet your arriving airline flight and whisk you to Block Island from anyone of the nearby major airports such as Providence, Hartford, Boston, or New York.

Need to leave for an important business meeting? Our charter division will get you there and back.

Charter flights are not only to or from Block Island. New England Airlines is certificated to operate between any points in the "lower 48. "

## Information & Reservations

Call New England Airlines: **1-800-243-2460** ~ **F AX 1-401-596- 7366**

Write: New England Airlines; **56 Airport Road; Westerly , RI 02891**

Schedule and Fare Information

E-Z Form: Get More Information - Make a Flight Reservation
Send Us Your Comments

**E-Mail: FlyBI@biri.com**

---

Return to Block Island Home Page