UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY B. GOLD-DWARES,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL RAM ASSOCIATES, LLC., Alias ABC Corporation, AMERICAN AIRLINES, INC., Alias EFG Corporation, CONTINENTAL AIRLINES, INC., Alias HIJ Corporation, UNITED AIR LINES, INC., Alias KLM Corporation, CAPE AIR, INC., Alias NOP Corporation, US AIRWAYS, INC., Alias QRS Corporation, AMERICA WEST AIRLINES, INC., Alias TUV Corporation, NEW ENGLAND AIRLINES, INC., Alias WXY Corporation, NORTHWEST AIRLINES, INC., Alias 123 Corporation, SOUTHWEST AIRLINES, CO., Alias 456 Corporation, AIR CANADA, Alias 789 Corporation,<br><br>Defendants. | ) | C.A. No. 06-379T |

**DEFENDANT U.S. AIRWAYS, INC.'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND MATTER TO STATE COURT**

Defendant US Airways, Inc. hereby opposes Plaintiff Shirley B. Gold-Dwares' motion to remand this matter to the Rhode Island Superior Court, and submits the accompanying memorandum of law in support of its opposition.

US AIRWAYS, INC.

By its Attorneys,

/s/ Armando E. Batastini

Armando E. Batastini (#6016)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
abatastini@eapdlaw.com
cfturcotte@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 14th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Stephen M. Rappoport, Esq.
Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
rdclaw@cox.net
sldeyoe@fullchannel.net

Timothy J. Duggan, Esq.
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
tjd@dcclawyers.com

Gordon P. Cleary, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
gcleary@vetterandwhite.com

Howard A. Merten, Esq.
Lisa M. Martinelli, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
hm@psh.com
lmm@psh.com

Patrick B. Landers, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
patrick.landers@wilsonelser.com

/s/ Armando E. Batastini
Armando E. Batastini

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY B. GOLD-DWARES,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL RAM ASSOCIATES, LLC., Alias ABC Corporation, AMERICAN AIRLINES, INC., Alias EFG Corporation, CONTINENTAL AIRLINES, INC., Alias HIJ Corporation, UNITED AIR LINES, INC., Alias KLM Corporation, CAPE AIR, INC., Alias NOP Corporation, US AIRWAYS, INC., Alias QRS Corporation, AMERICA WEST AIRLINES, INC., Alias TUV Corporation, NEW ENGLAND AIRLINES, INC., Alias WXY Corporation, NORTHWEST AIRLINES, INC., Alias 123 Corporation, SOUTHWEST AIRLINES, CO., Alias 456 Corporation, AIR CANADA, Alias 789 Corporation,<br><br>Defendants. | ) | C.A. No. 06-379T |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT U.S. AIRWAYS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND MATTER TO STATE COURT**

Defendant US Airways, Inc. ("US Airways") hereby submits this memorandum of law in support of its opposition to Plaintiff Shirley B. Gold-Dwares' ("Plaintiff") motion to remand this matter to the Rhode Island Superior Court. As explicated to follow, Plaintiff's claims are not less than the jurisdictional limit to a legal certainty.

**Background**

The Complaint alleges that Plaintiff was "severely burned while being transported in a wheelchair pushed by an employee of Defendant International [Ram Associates, LLC] ("International Ram") to the baggage area for [Co-Defendant] Southwest Airlines, the airline on which she had been a passenger." See Complaint at ¶ 15 (emphasis, brackets and parentheses added). As a result of these allegedly severe burns, Plaintiff further alleges that she "suffered severe and grievous injuries and has suffered great pain of body and mind, … and has expended great sums of money for medical care and treatment of said injuries, and … has suffered other great damage." See, e.g., Complaint at ¶ 21.

Because of the purported serious nature of Plaintiff's injuries, US Airways timely removed this matter to this Court on August 25, 2006. US Airways understands that all of the other Defendants who have been served in this matter have consented to removal. US Airways has also filed a motion to drop Co-Defendant New England Airlines, Inc. ("New England") because Plaintiff improperly joined New England solely as a means to defeat diversity jurisdiction.

In response, Plaintiff filed a motion to remand, claiming the presence of a non-diverse defendant, New England, and also arguing that the amount in controversy is less than the jurisdictional amount required by 28 U.S.C. § 1332. In her memorandum of law supporting the remand motion, Plaintiff suggests, for the first time, that her claims are more modest than portrayed by the Complaint. Plaintiff points to the fact that her total related medical bills were $2,723.00, that she does not have any permanent injuries or scarring, that she does not have a lost wages claim, and that her settlement demand to

International Ram was $37,500. (Memo. in Supp. of Plaintiff's Motion to Remand ("Remand Memo") at 3). Plaintiff's Complaint contained none of this information.

Significantly, Plaintiff did not provide proof of any of these allegations (except for the settlement demand) in support of her remand motion, and has not presented an affidavit that she would not seek damages greater than the jurisdictional threshold of $75,000 or would not accept a judgment in an amount greater than that limit. In fact, while claiming that she could not recover "anywhere near [] $75,000" as a matter of law, (Remand Memo at 4), Plaintiff has never stated in any filing with this or any other court that her damages are less than $75,000. Rather, given the allegedly severe nature of Plaintiff's alleged injuries, her damages are not less than the jurisdictional amount to a legal certainty. US Airways should not be required to rely on Plaintiff's equivocal and unsupported post-removal statements regarding the amount in controversy when removal was proper in the first instance.

**Discussion**

Plaintiff raises two issues with respect to remand: (1) the lack of complete diversity; and (2) the failure of the amount in controversy to exceed the jurisdictional limit. US Airways previously filed a motion to drop New England as a misjoined party. If that motion is successful, there will be complete diversity of citizenship in this matter.

With respect to the jurisdictional limit, the amount in controversy, as pled by Plaintiff, equals or exceeds $75,000. For the purposes of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time of removal. See, e.g., Williams-Ward v. Lorenzo Pitts, Inc., 908 F. Supp. 48, 52 (1st Cir. 1995) ("The propriety of removal is determined by examining the complaint at the

time the notice of removal was filed."). As a result, Plaintiff's statement of damages in her Complaint "'will control the amount in controversy for jurisdictional purposes ….'" Hainey v. World AM Communications, Inc., 263 F. Supp. 2d 338, 345 (D.R.I. 2003) (quoting Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995)).

The valuation of Plaintiff's claims is made more difficult by the fact that *ad damnum* clauses are prohibited under Rhode Island law in personal injury actions like this one. See R.I. Gen. Laws § 9-1-30(a). Thus, the Complaint does not assign a value to Plaintiff's alleged damages, so that the governing standard is whether a reasonable jury could possibly find that the value of Plaintiff's injuries exceeds $75,000. See Cruz v. Block Island Parasail, Inc., No. Civ. A. 05-336S, 2006 WL 889212, at *5 (D.R.I. April 4, 2006). It should be stressed that the jurisdictional limit is satisfied where a jury could conceivably find in excess of the $75,000 threshold, even if that result is unlikely. Id.; see also Duchesne v. American Airlines, Inc., 758 F.2d 27, 29 (1st Cir. 1985) ("while it seems unlikely that [plaintiff] will recover so much, we cannot say that it is legally certain").

Considerations in determining the valuation of Plaintiff's claims include the possibility of continuing or residual injury, even where treatment and expenses are minimal, see Rosario Ortega v. Star-Kist Foods, Inc., 370 F.3d 124, 129 (1st Cir. 2004); Lee v. Kisen, 475 F.2d 1251, 1253 (5th Cir. 1973), and the possibility that the value of pain and suffering will contribute substantially the potential final recovery. Lee, 475 F.2d at 1252-53. In this case, Plaintiff's allegations are that she experienced severe burns, and as a result, suffered "severe and grievous injuries and has suffered great pain of body and mind, … and has expended great sums of money for medical care and treatment of said injuries, and … has suffered other great damage." (See Complaint at ¶ 21).

Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62 (D.R.I. 2002) is instructive regarding the valuation of the instant matter. The Court in Gabrielle determined the value of plaintiff's claims solely by review of the complaints in that consolidated matter, noting that the Court could surmise whether the amount in controversy was sufficient to support diversity jurisdiction from the details regarding the nature of plaintiff's alleged injuries contained in these complaints. Id. at 65-66. As a result, the Court concluded that the amount in controversy exceeded the jurisdictional limit because the complaints alleged, *inter alia*, "personal bodily injuries and psychological injuries" and continuing disability. Id. Likewise, the allegations in the instant complaint of severe and persistent injury, "great" amounts of pain and suffering, and expenditure "great sums of money" are sufficient for a reasonable jury to issue a verdict for greater than the jurisdictional limit.

Plaintiff's unsupported post-removal argument that the value of this matter is less than $75,000 does not provide a sufficient basis for remand. Significantly, events occurring subsequent to removal, such as Plaintiff's post-removal claim that the value of the claim is less than the jurisdictional minimum, do not deprive this Court of jurisdiction once it has attached. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292-93 (1938).

Moreover, this Court has historically required that plaintiffs submit competent proof regarding the valuation of their claim. See D'Amato v. Rhode Island Hosp. Trust Nat'l Bank, 772 F. Supp. 1322, 1324 (D.R.I. 1991). This Court has therefore credited Plaintiff's post-removal affidavits where the complaint was silent regarding the valuation

of claims.[1] See Cipriano v. Monarch Life Ins. Co., 138 F. Supp. 50, 51 (D.R.I. 1956). In this case, Plaintiff has presented no competent evidence (other than a settlement demand) of the scope or value of her damages, including no affidavit or medical records. Rather, Plaintiff has equivocally stated that "there is no way, as a matter of law, that Plaintiff could recover anywhere near [] $75,000 in damages …," (Remand Memo at 4), but has never stated that her damages are less than the jurisdictional limit or that she would not accept a recovery greater than that limit. As a result, the only proof on this record of Plaintiff's alleged damages is the Complaint, and a reasonable jury may possibly find that the value of Plaintiff's injuries exceeds $75,000 based upon those allegations.

On this latter point, the instant matter is identical to Gabrielle, 210 F. Supp. 2d at 66.[2] In that case, plaintiff attempted to resist removal, in part, through counsel's unsupported argument that the amount in controversy was less than the jurisdictional limit. In response, this Court stated: "[T]he [C]ourt gives little weight to such expressions of opinion, particularly where counsel … was unwilling to stipulate or otherwise formally commit that under no circumstances would [plaintiff] seek or accept more than $75,000 for her claim." Id. at 66.

Also, the fact that Plaintiff attempted to settle this case for $37,500.00 does not demonstrate that the amount in controversy is less than $75,000.00. See Navarro v.

---

[1] US Airways respectfully takes the position that post-removal stipulations or affidavits to the effect that damages are less than the jurisdictional minimum have no legal significance because the relevant time for determining the amount in controversy is at the point of removal, see St. Paul Mercury Indem. Co., 303 U.S. at 292-93; Angus v. Shiley, Inc., 989 F.2d 142, 145 (3rd Cir. 1993) ("stipulation that her damages do not exceed [the jurisdictional minimum] has no legal significance"), but nevertheless acknowledges that this Court's consistent practice has been to consider affidavits bearing on this point.

[2] The lack of an affidavit or disavowal of recovery greater than the jurisdictional limit also distinguishes the instant matter from Wright v. US Airways, Inc., C.A. No. 00-565 L, Memorandum and Order (Jan 21, 2001), where plaintiff presented such an affidavit.

Suburu of America Operations Corp., 802 F. Supp. 191, 194 (N.D. Ill. 1992) (settlement offers do not establish value of claim). Rather, Plaintiff's settlement demand was an attempt to reach a compromise with only one of the eleven defendants in this matter (and not US Airways) prior to litigation. Accordingly, this figure does not represent Plaintiff's perception of the full value of her case, but instead is a discounted amount as to one defendant.

**Conclusion**

In sum, Plaintiff alleges that she suffered severe burns and seeks recovery for "severe and grievous injuries," "great pain of body and mind," "great sums of money for medical care and treatment of said injuries," and "other great damage." These damages are not less than the jurisdictional limit to a legal certainty. Accordingly, Plaintiff's motion to remand should be denied.

US AIRWAYS, INC.

By its Attorneys,

/s/ Armando E. Batastini

Armando E. Batastini (#6016)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
abatastini@eapdlaw.com
cfturcotte@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 14th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Stephen M. Rappoport, Esq.
Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
rdclaw@cox.net
sldeyoe@fullchannel.net

Timothy J. Duggan, Esq.
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
tjd@dcclawyers.com

Gordon P. Cleary, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
gcleary@vetterandwhite.com

Howard A. Merten, Esq.
Lisa M. Martinelli, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
hm@psh.com
lmm@psh.com

Patrick B. Landers, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
patrick.landers@wilsonelser.com

/s/ Armando E. Batastini
Armando E. Batastini