UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY B. GOLD-DWARES,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL RAM ASSOCIATES, LLC., Alias ABC Corporation, AMERICAN AIRLINES, INC., Alias EFG Corporation, CONTINENTAL AIRLINES, INC., Alias HIJ Corporation, UNITED AIR LINES, INC., Alias KLM Corporation, CAPE AIR, INC., Alias NOP Corporation, US AIRWAYS, INC., Alias QRS Corporation, AMERICA WEST AIRLINES, INC., Alias TUV Corporation, NEW ENGLAND AIRLINES, INC., Alias WXY Corporation, NORTHWEST AIRLINES, INC., Alias 123 Corporation, SOUTHWEST AIRLINES, CO., Alias 456 Corporation, AIR CANADA, Alias 789 Corporation,<br><br>Defendants. | ) | C.A. No. 06-379T |

**REPLY BRIEF IN SUPPORT OF DEFENDANT U.S. AIRWAYS, INC.'S MOTION TO DROP DEFENDANT NEW ENGLAND AIRLINES, INC. AS A MISJOINED PARTY UNDER RULE 21**

Plaintiff Shirley Gold-Dwares' ("Plaintiff") opposition does not contest that: Plaintiff was not a New England Airlines, Inc. ("New England") passenger; that New England does not use and is not a tenant of the Main Terminal at Theodore Francis Green Airport ("T.F. Green"); and that, on the limited occasions that New England flies charter flights out of T.F. Green, it does so using the Northstar facility that is unconnected to the Main Terminal.

Rather, Plaintiff hangs her case against New England entirely on an unauthenticated and unsigned letter from an insurance company for Co-Defendant International Ram Associates, LLC ("International Ram") that denies liability. That hearsay letter states that the wheelchair that allegedly caused Plaintiff's injuries was "owned by all of the airlines that use Theodore Francis Green Airport, including: … New England Airlines." (See Plaintiff's Memo. in Opp. to Motion to Drop, Ex. A). Plaintiff apparently has not conducted any independent investigation regarding the veracity of that statement or the ownership of the subject wheelchair, and offers no other basis for its claims against New England. For its part, New England denies any ownership interest or control over any wheelchair at T.F. Green. (See Supplemental Affidavit of William Bendokas, President of New England Airlines, Inc. ("Bendokas Supp. Aff."), at ¶ 2 (attached hereto as Exhibit A)).

"The lynchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 67 (D.R.I. 2002). The court may consequently pierce the pleadings on a motion for fraudulent joinder and consider affidavits and other "summary judgment type" evidence. Id. at 68.

Here, there are no competent facts from which this Court could conclude that there is a reasonable basis for Plaintiff's claims against New England. Plaintiff's opposition argues that movant US Airways, Inc. failed to disprove Plaintiff's allegation that New England had an ownership interest in the subject wheelchair, but does not present any competent support for that allegation. Rather, the uncontraverted evidence is that New England had no relationship with Plaintiff, no control over the premises on which Plaintiff

was injured, and no ownership or control of the wheelchair wherein Plaintiff was allegedly injured. (See generally Bendokas Aff.; Bendokas Supp. Aff.).

Additionally, in assessing whether "there is any reasonable possibility" of liability against a non-diverse defendant, the primary inquiry is "whether plaintiff['s] claim was brought in good faith" or not. Gabrielle, 210 F. Supp. 2d at 67-68. The central consideration on this point is whether plaintiff conducted a reasonable investigation regarding its allegations against the non-diverse defendant. Id. at 67.

In this case, the record is entirely bereft of any evidence of an investigation by Plaintiff regarding the ownership of the subject wheelchair. Rather, Plaintiff relies solely on an unauthenticated and unsigned letter containing hearsay statements regarding ownership of the wheelchair from an insurance company that does not insure or represent T.F. Green. That letter provides no basis for its *ipse dixit* statement that New England had an ownership interest in the subject wheelchair.

Plaintiff's reliance on this letter misses the requirement to conduct a reasonable investigation by a wide mark. Plaintiff's injuries allegedly occurred on May 14, 2005, and Plaintiff's counsel has been engaged in this matter since at least September 22, 2005. (See Letter from Stephen M. Rappoport to Frank Lesowski, Frontier Adjusters, dated September 22, 2005 (Exhibit B to Plaintiff's Remand Memo.)). Plaintiff had until May 2008 to file her Complaint (see R.I. Gen. Laws § 9-1-14(b) (three year statute of limitations for personal injury case)), so that she had sufficient time to investigate whether New England had any connection to Plaintiff's alleged injuries, including any control or ownership of the subject wheelchair. And, given that T.F. Green Airport is operated by a public agency, the Rhode Island Airport Commission, Plaintiff could have investigated

these issues through the simple expedient of an Access to Public Records request. (See R.I. Gen. Laws § 38-2-1 *et seq.*).

At bottom, there is no factual support for Plaintiff's claims against New England. This Court should therefore dismiss New England as a misjoined party under Rule 21.

US AIRWAYS, INC.

By its Attorneys,

/s/ Armando E. Batastini

Armando E. Batastini (#6016)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
abatastini@eapdlaw.com
cfturcotte@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 22nd day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Stephen M. Rappoport, Esq.
Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
rdclaw@cox.net
sldeyoe@fullchannel.net

Timothy J. Duggan, Esq.
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
tjd@dcclawyers.com

Gordon P. Cleary, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
gcleary@vetterandwhite.com

Howard A. Merten, Esq.
Lisa M. Martinelli, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
hm@psh.com
lmm@psh.com

Patrick B. Landers, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
patrick.landers@wilsonelser.com

/s/ Armando E. Batastini
Armando E. Batastini