UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHIRLEY B. GOLD-DWARES, )
)
Plaintiff, )
)
v. ) C.A. No. 06-379T
)
INTERNATIONAL RAM ASSOCIATES, )
LLC., Alias ABC Corporation, )
AMERICAN AIRLINES, INC., Alias )
EFG Corporation, CONTINENTAL )
AIRLINES, INC., Alias HIJ Corporation, )
UNITED AIR LINES, INC., Alias )
KLM Corporation, CAPE AIR, INC., Alias )
NOP Corporation, US AIRWAYS, INC., )
Alias QRS Corporation, AMERICA WEST )
AIRLINES, INC., Alias TUV Corporation, )
NEW ENGLAND AIRLINES, INC., Alias )
WXY Corporation, NORTHWEST )
AIRLINES, INC., Alias 123 Corporation, )
SOUTHWEST AIRLINES, CO., Alias )
456 Corporation, AIR CANADA, Alias )
789 Corporation, )
)
Defendants. )

**ANSWER OF DEFENDANT CONTINENTAL AIRLINES, INC.**

Defendant Continental Airlines, Inc. ("Continental") hereby responds as follows to the allegations contained in the Complaint of Shirley Gold-Dwares ("Plaintiff").

**First Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Continental hereby responds as follows to the correspondingly numbered allegations contained in Plaintiff's Complaint:

## COUNT I

1. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Paragraph 4 recites conclusions of law to which no responsive pleading is required.

5. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Continental lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Continental denies the allegations directed at Continental which are contained in Paragraph 15. The remaining allegations contained in Paragraph 15 are not directed at Continental. As such, a response is not required.

16. The allegations contained in Paragraph 16 are not directed at Continental. As such, a response is not required.

17. The allegations contained in Paragraph 17 are not directed at Continental. As such, a response is not required.

18. The allegations contained in Paragraph 18 are not directed at Continental. As such, a response is not required.

19. Continental denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 are not directed at Continental. As such, a response is not required.

21. The allegations contained in Paragraph 21 are not directed at Continental. As such, a response is not required.

22. Paragraph 22 recites conclusions of law to which no responsive pleading is required.

**COUNT II**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT III**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT IV**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT V**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19. Continental denies the allegations contained in Paragraph 19.

20. Continental denies the allegations contained in Paragraph 20.

21. Continental denies the allegations contained in Paragraph 21.

22. Continental denies the allegations contained in Paragraph 22.

23. Continental denies the allegations contained in Paragraph 23.

24. Continental denies the allegations contained in Paragraph 24.

**COUNT VI**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16. Continental denies the allegations contained in Paragraph 16.

17. Continental denies the allegations contained in Paragraph 17.

18. Continental denies the allegations contained in Paragraph 18.

19. Continental denies the allegations contained in Paragraph 19.

20. Continental denies the allegations contained in Paragraph 20.

21. Continental denies the allegations contained in Paragraph 21.

**COUNT VII**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT VIII**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT IX**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT X**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT XI**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT XII**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT XIII**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT XIV**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT XV**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT XVI**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT XVII**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT XVIII**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT XIX**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT XX**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT XXI**

1.-18. Continental restates and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

19.-24. The allegations contained in Paragraphs 19 through 24 are not directed at Continental. As such, a response is not required.

**COUNT XXII**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16.-21. The allegations contained in Paragraphs 16 through 21 are not directed at Continental. As such, a response is not required.

**COUNT XXIII**

1.-15. Continental restates and incorporates its responses to Paragraphs 1 through 15 as though fully set forth herein.

16. To the extent the allegations contained in Paragraph 16 are directed at Continental, Continental denies those allegations. The remaining allegations contained in Paragraph 16 are not directed at Continental. As such, a response is not required.

17. To the extent the allegations contained in Paragraph 17 are directed at Continental, Continental denies those allegations. The remaining allegations contained in Paragraph 17 are not directed at Continental. As such, a response is not required.

18. To the extent the allegations contained in Paragraph 18 are directed at Continental, Continental denies those allegations. The remaining allegations contained in Paragraph 18 are not directed at Continental. As such, a response is not required.

19. Continental denies the allegations contained in Paragraph 19.

20. To the extent the allegations contained in Paragraph 20 are directed at Continental, Continental denies those allegations. The remaining allegations contained in Paragraph 20 are not directed at Continental. As such, a response is not required.

21. To the extent the allegations contained in Paragraph 21 are directed at Continental, Continental denies those allegations. The remaining allegations contained in Paragraph 21 are not directed at Continental. As such, a response is not required.

**First Affirmative Defense**

Plaintiff's claims against Continental must fail because Plaintiff's damages were not proximately or actually caused by any acts or omissions of Continental.

**Second Affirmative Defense**

Plaintiff's claims against Continental must fail because third parties and/or conditions outside the control of Continental caused Plaintiff's damages.

**Third Affirmative Defense**

Plaintiff's claims against Continental must fail because of Plaintiff's assumption of the risk and/or comparative negligence.

**Fourth Affirmative Defense**

Plaintiff's claims against Continental must fail in whole or in part due to Plaintiff's failure to mitigate her damages.

**Fifth Affirmative Defense**

Plaintiff's claims against Continental are barred by the doctrines of waiver and/or estoppel.

CONTINENTAL AIRLINES, INC.

By its Attorneys,

/s/ Armando E. Batastini

Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
abatastini@eapdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 12th day of October, 2006 and is available for viewing and downloading to the ECF registered counsel of record and paper copies will be sent to those who are non-registered participants:

Stephen M. Rappoport, Esq.
Sonja L. Deyoe, Esq.
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
rdclaw@cox.net
sldeyoe@fullchannel.net

Timothy J. Duggan, Esq.
Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02062
tjd@dcclawyers.com

Gordon P. Cleary, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
gcleary@vetterandwhite.com

Howard A. Merten, Esq.
Lisa M. Martinelli, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
hm@psh.com
lmm@psh.com

Patrick B. Landers, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th Floor
Boston, MA 02110
patrick.landers@wilsonelser.com

/s/ Armando E. Batastini
Armando E. Batastini